Florence Z. Mao, OSB No. 144804
florence.mao@ogletreedeakins.com
Justin G. Haddad, OSB No. 246152
justin.haddad@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, Oregon 97201
Tel: (503) 552-2140
Fax: (503) 224-4518

*Attorneys for Defendants Baggage Airline
Guest Services, LLC, SP Plus LLC, and
Metropolis Technologies, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARK LEE,** | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | **28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446** |
| **BAGS, INC., SP PLUS, LLC, and METROPOLIS.IO** | MULTNOMAH COUNTY CIRCUIT COURT CASE NO. 26CV00202 |
| Defendants. | |

TO:  CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON AND PLAINTIFF MARK LEE, PRO SE:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(a) and

(b), and 1446, Defendants Baggage Airline Guest Services, LLC (erroneously identified in

Plaintiff's Second Amended Complaint as "Bags, Inc.") (hereafter, "Defendant BAGS"),

Metropolis Technologies, Inc. (erroneously identified in Plaintiff's Second Amended Complaint

as "Metropolis.io") (hereafter, "Defendant Metropolis Technologies"), and SP Plus LLC

(hereafter, "Defendant SP Plus") (collectively, "Defendants") remove the above referenced

PAGE 1 – DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

action from the Circuit Court of the State of Oregon, Multnomah County, Case No. 26CV00202, to the Portland Division of the United States District Court for the District of Oregon. Federal jurisdiction of this action is proper based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b), federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction under 28 U.S.C. § 1367. This Notice of Removal is supported by the following allegations and the Declaration of Van Santos ("Santos Decl.").

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which grants district courts original jurisdiction over a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and that is between citizens of different states.

2.      As set forth below, this action meets all of the requirements for removal, and it is timely and properly removed by the filing of this Notice.

BACKGROUND

3.      On or about January 2, 2026, Plaintiff filed a Complaint in the Circuit Court of the State of Oregon for the County of Multnomah (hereafter, "Multnomah County Circuit Court") against Defendants styled *Mark Lee v. Bags, Inc.*, Case No. 26CV00202. A true and correct copy of the Complaint is attached as Exhibit 1. The Complaint was not served. A true and correct copy of the State Action docket at the time of removal showing that the Complaint was not served is attached as Exhibit 2.

4.      On or about January 12, 2026, Plaintiff filed an Amended Complaint in Multnomah County Circuit Court against Defendant BAGS styled *Mark Lee v. Bags, Inc.*, Case No. 26CV00202. A true and correct copy of the Amended Complaint is attached as Exhibit 3.

5.      On January 22, 2026, Defendant BAGS accepted service of the Summons and Amended Complaint ("Am. Compl."). A true and correct copy of the Summons is attached as Exhibit 4.

6.      On or about February 5, 2026, Plaintiff filed a Second Amended Complaint in Multnomah County Circuit Court against Defendants styled *Mark Lee v. Bags, Inc., SP Plus*

PAGE 2 – DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

*LLC, Metropolis.io*, Case No. 26CV00202. A true and correct copy of the Second Amended Complaint ("SAC") is attached as Exhibit 5.

7.      On February 9, 2025, Defendants accepted service of the Summons and Second Amended Complaint. A true and correct copy of the Summons is attached as Exhibit 6.

8.      This Notice is timely as it is filed within 30 days of the service of the Summons and First Amended Complaint on Defendants. *See* 28 U.S.C. § 1446(b).

## STANDARD OF REVIEW

9.      The sufficiency of the allegations in this Notice of Removal is reviewed under the standard of notice pleading; no evidentiary submissions are necessary. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (Congress, by borrowing the familiar "short and plain statement" standard from Rule 8(a) intended to "simplify the 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.") (citing H.R. Rep. No. 100-889, p. 71 (1988)); *see also Liberty Natural Productions, Inc. v. Hoffman*, No. 03:11-cv-00264-HU, 2011 WL 4625703, *4-5 (D. Or. Sept. 2, 2011) ("§1446(a) requires that a notice of removal only contain a 'short and plain statement of the grounds of removal'"); 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, *Federal Practice and Procedure* § 3733, pp. 639-41 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement' – terms borrowed from the pleading requirement set forth in the Federal Rule of Civil Procedure 8(a).").

## DIVERSITY JURISDICTION

10.     This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and is properly removable pursuant to the provisions of 28 U.S.C. §§ 1441(a) & (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

//

PAGE 3 – DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

<u>DIVERSITY OF CITIZENSHIP</u>

11.    Plaintiff, on the one hand, and Defendants, on the other hand, are citizens of different states and therefore, there is complete diversity of citizenship under 28 U.S.C. § 1332.

12.    The citizenship of a natural person is determined by his/her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's residence is prima facie evidence of his or her place of domicile for purposes of diversity jurisdiction" *Bey v. SolarWorld Indus. Amer., Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011)); *see also D.C. v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a [person] lives is properly taken to be his domicile until facts adduced establish the contrary.").

13.    A corporation is a citizen of the state(s) where it is incorporated and its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

14.    "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

15.    <u>Plaintiff is a Citizen of Oregon.</u> Plaintiff alleges in his Complaint that he resides in Multnomah County, Oregon. *See* Am. Compl. at pg. 8; SAC at pg. 8.  Plaintiff is therefore a citizen of Oregon for removal purposes under 28 U.S.C. § 1332. *See Kanter*, 265 F.3d at 857; *Bey*, 904 F. Supp. 2d at 1105; *D.C.*, 314 U.S. at 455.

16.    <u>Defendants BAGS is a Citizen of Delaware, Florida, and California.</u> Defendant BAGS (erroneously identified as "Bags, Inc." in Plaintiff's Amended Complaint and Second Amended Complaint) is, and was at the time this civil action was filed, a limited liability company organized under the laws of the State of Florida. Santos Decl., ¶ 3.

a)    The sole member of BAGS is ZWB Holdings LLC, a limited liability company organized under the laws of the State of Florida. *Id.*

PAGE 4 – DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503-552-2140 | Fax: 503-224-4518

b)      The sole member of ZWB Holdings LLC is Defendant SP Plus LLC, which is a limited liability company organized under the laws of the State of Delaware. *Id.* at ¶ 4.

c)      The members and affiliated members of SP Plus are citizens of the States of Delaware and California. *Id.* at ¶ 5.

d)      Therefore, under 28 U.S.C. § 1332(c), BAGS is a citizen of Delaware, Florida, and California.

17.    Defendant SP Plus is a citizen of Delaware and California. As stated above, paras. 16(b)-(c), Defendant SP Plus is a citizen of Delaware and California. *See Johnson*, 437 F.3d at 899.

18.    Defendant Metropolis Technologies is a Citizen of Delaware and California. Defendant Metropolis Technologies (erroneously identified in Plaintiff's Amended Complaint and Second Amended Complaint as "Metropolis.io") is, and was at the time this civil action was filed, a corporation incorporated under the laws of the State of Delaware, with its headquarters and its principal place of business in the State of California. *See* 28 U.S.C. § 1332(c); *Hertz Corp.*, 559 U.S. at 92-93. California is where Metropolis Technologies' executive officers direct, control, and coordinate the company's activities, including but not limited to, administering company-wide policies, and procedures, legal affairs, and general business operations. Santos Decl., ¶ 6. Metropolis Technologies maintains its corporate books and records in California. *Id.* Therefore, under 28 U.S.C. § 1332(c), Metropolis Technologies is a citizen of Delaware and California.

19.    Based on the foregoing, at the time this action was commenced and as of the date of this Notice of Removal, Plaintiff is, and has not been, a citizen of the same state as Defendants BAGS, Metropolis Technologies, and SP Plus. Plaintiff and Defendants are citizens of different states for purposes of diversity jurisdiction. There is complete diversity of citizenship under 28 U.S.C. § 1332.

//

PAGE 5 – DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

AMOUNT IN CONTROVERSY

20.    "[A]s specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. A defendant meets this burden when, as here, a plaintiff alleges on the face of the complaint that damages exceed the requisite amount in controversy. *See* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

21.    The caption of Plaintiff's Amended Complaint and Second Amended Complaint specifies a prayer of relief in the amount of $4,000,000. *See* Am. Compl. at pg. 22; SAC at pg. 22. Further, under Prayer for Relief of his Amended Complaint and Second Amended Complaint, Plaintiff states that he "increase[s] the requested relief to $10,000,000." *See* Am. Compl. at pg. 22; SAC at pg. 22. Plaintiff also seeks an award of "compensatory damages," "consequential economic damages," "emotional and non-economic damages," "punitive and exemplary damages," "statutory and liquidated damages," "attorneys' fees and costs," and "any other relief deemed just and proper." *See* Am. Compl. at pgs. 22-24; SAC at pgs. 22-24. Accordingly, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

FEDERAL QUESTION JURISDICTION

22.    The Amended Complaint and Second Amended Complaint assert claims arising under the Fair Labor Standards Act ("FLSA"), Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), all of which are federal laws over which this Court has original jurisdiction under 28 U.S.C. § 1331. *See* Am. Compl. at pgs. 4-6; 13-14; SAC at pgs. 4-6; 13-14.

SUPPLEMENTAL JURISDICTION OVER STATE CLAIMS

23.    Plaintiff asserts state-law claims of retaliation and discrimination that purport to arise from the same occurrence and/or nucleus of operative facts that underlie his claims under the FLSA, ADA, and Title VII. *See* Am. Compl. at pgs. 4-5; 14; SAC at pgs. 4-5; 14. As a result,

this Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. *See, e.g.*, *Whitlock v. American Family Mutual Ins. Co.*, No. 3:14-cv-01189-ST, 2016 WL 199420, *1 (D. Or. Jan. 15, 2016) ("This court has federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 29 U.S.C. § 1367.").

ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

24.    This Notice of Removal is timely because it is filed within 30 days of service of Plaintiff's Summons and Amended Complaint. *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.").

25.    Removal to this Court is appropriate because the Second Amended Complaint is pending in the Multnomah County Circuit Court, which is located in the Portland Division.

26.    Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Removal with the Clerk of the Multnomah County Circuit Court in Oregon, informing the court that this matter has been removed to federal court. A copy of this Notice of Removal, including all supporting exhibits, will be attached to the Notice of Removal filed with the Multnomah County Circuit Court in Oregon. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is also being served upon Plaintiff.

27.    By removing this action based on diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction, Defendants do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims, or damages. Defendants deny the material allegations contained in the Amended Complaint and Second Amended Complaint, generally and specifically.

//

//

//

//

PAGE 7 – DEFENDANTS' NOTICE OF
REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

WHEREFORE, Defendants respectfully request that the State Action be removed from the state court in which it was filed to the Portland Division of the United States District Court for the District of Oregon, and further requests that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendants may be entitled to receive.

DATED: February 19, 2026.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Florence Z. Mao*
Florence Z. Mao, OSB No. 144804
florence.mao@ogletreedeakins.com
Justin G. Haddad, OSB No. 246152
justin.haddad@ogletreedeakins.com

*Attorneys for Defendants Baggage Airline Guest Services, LLC, SP Plus LLC, and Metropolis Technologies, Inc.*

PAGE 8 – DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503-552-2140 | Fax: 503-224-4518

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, I served the foregoing **DEFENDANTS'**

**NOTICE OF REMOVAL TO FEDERAL COURT** on the parties below by electronic means

through the Court's eFile and Serve system:

> Mark Lee, *Pro Se*
> 434 SW College Street, Apt 603 A
> Portland OR, 97201
> Phone: (503) 558-5835
> Email: mark29297@gmail.com

■        by **electronic** means through the Court's eFile and Serve system.

■        by **mailing** a true and correct copy to address for the persons listed above.

☐        by causing a true and correct copy to be **hand-delivered** to the address of each person listed above. It was contained in a sealed envelope and addressed as stated above.

☐        by causing a true and correct copy to be delivered **via overnight courier** to the last known address of each person listed above.  It was contained in a sealed envelope, with courier fees paid, and addressed as stated above.

■        by **e-mailing** a true and correct copy to the persons listed above.

Dated:  February 19, 2026                    */s/ Marin Rosenquist*
                                            Marin Rosenquist, Practice Assistant
                                            marin.rosenquist@ogletreedeakins.com