IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK LEE,

        Plaintiff,

        v.

BAGS, INC.; SP PLUS, LLC; and METROPOLIS TECHNOLOGIES, INC.,

        Defendants.

Case No. 3:26-cv-00331-AB

OPINION & ORDER

Mark Lee
    Self-represented

Florence Z. Mao
Justin G. Haddad
Heather M. Fossity
Ogletree Deakins
222 SW Columbia Street
Suite 1500
Portland, OR 97201
    Attorneys for Defendants

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff Mark Lee brings this case against Defendants Bags, Inc., SP Plus, LLC, and Metropolis Technologies, Inc. Plaintiff brings claims under the Americans with Disabilities Act ("ADA") and retaliation claims under federal and Oregon law. First Am. Compl. ("FAC") ¶¶ 60–78, ECF No. 6. Defendants move to dismiss Plaintiff's claims against them. Defs.' Mot. Dismiss ("Defs.' Mot."), ECF No. 9. Plaintiff did not respond to Defendants' Motion.[1] For the reasons below, the Court grants Defendants' Motion in part.

## BACKGROUND

"Plaintiff was employed by Defendants as a wheelchair assistance employee at Portland International Airport" since February 26, 2025. FAC ¶¶ 2, 21. Plaintiff's job responsibilities included "assisting passengers requiring wheelchair transportation[,]" "greeting passengers, coordinating wheelchair assistance, scanning passenger tickets, and assisting with passenger transportation." FAC ¶¶ 22–23.

---

[1] Some courts in this District have held that a plaintiff's failure to respond to a defendant's motion to dismiss is a concession of the defendant's arguments. *See Abarca v. AmeriHome Mortg. Co., LLC*, No. 3:24-CV-76-SI, 2024 WL 4607747, at *1 (D. Or. Oct. 29, 2024) ("Plaintiffs did not respond to Defendant's motion to dismiss and have therefore effectively conceded Defendant's arguments."). But "[u]nlike other district courts, the District of Oregon has not implemented a local rule that failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." *Whitmore v. Amazon.com Servs., Inc.*, No. 3:23-CV-00844-IM, 2023 WL 7183330, at *1 (D. Or. Nov. 1, 2023) (citation modified) (quoting *Fletcher v. U.S. Dep't of Agric.*, No. 3:20-cv-1243-SI, 2021 WL 1857407, at *1 (D. Or. May 10, 2021)). "Nevertheless, courts in this district often dismiss actions where a party fails to respond to a motion within the timeframe prescribed under Local Rule 7-1." *Id.*; *see also* Local Rule 7-1(e)(1) ("A party must file and serve any response within 14 days after service of the motion."). But here, Plaintiff has otherwise participated in this matter and complied with the Court's prior order in a timely manner. *See* Order (instructing Plaintiff to file a copy of his operative complaint that shows how his operative pleading differs from his superseded pleading), ECF No. 7; and FAC Redline, ECF No. 8. The Court therefore finds that it has discretion to review the sufficiency of Plaintiff's First Amended Complaint and chooses to do so. If Plaintiff fails to respond to further motions or otherwise fails to participate in this matter, the Court may dismiss this action for failure to prosecute.

In August 2025, "Plaintiff developed a shoulder injury affecting the use of his left arm." FAC ¶ 25. Plaintiff "notified Defendants of the condition and the need for accommodation" in the form of an "accommodation request to Human Resources" with "medical documentation describing his restrictions." FAC ¶¶ 26, 28–29.

Plaintiff alleges that his "physician cleared him to return to work with restrictions effective October 18, 2025." FAC ¶ 31. These restrictions "primarily limited lifting with the left arm." FAC ¶ 33. Plaintiff "provided this medical clearance to Defendants[,]" FAC ¶ 32, but Defendants later "informed Plaintiff that lifting passengers was considered an essential function of the job[,]" FAC ¶ 40. Consequently, "Defendants told Plaintiff that leave was the only option." FAC ¶ 41. In response, "Plaintiff requested reassignment to modified duties," such as performing "greeting and scanning duties[,]" but "Defendants refused to allow Plaintiff to return to work." FAC ¶¶ 42–44.

Plaintiff alleges that, despite his shoulder injury, he "remained capable of performing many job duties that did not require lifting passengers." FAC ¶ 27. He alleges that he could "perform the essential functions of his job with reasonable accommodation." FAC ¶ 37. As such, Plaintiff "continued requesting accommodation and reinstatement" and "repeatedly informed Defendants that he was able and willing to perform modified duties." FAC ¶¶ 39, 45. On one occasion, Plaintiff "informed Defendants of a vacant cashier position at the airport" and "stated the position would accommodate his restrictions." FAC ¶¶ 48, 50. Defendants did not offer the position to Plaintiff. FAC ¶ 51.

Plaintiff alleges that he "has been unable to work since October 18, 2025" and that he has "suffered financial hardship[,]" "risk of eviction[,]" and "emotional distress" from having "lost wages and benefits." FAC ¶¶ 56–59.

3 – OPINION & ORDER

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, courts must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct . . . ." *Id.* at 679. A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts must liberally construe pleadings filed by self-represented litigants. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a self-represented litigant's complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a self-represented litigant's complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**DISCUSSION**

Defendants move to dismiss Plaintiff's claims against them because Plaintiff "has failed to allege material facts to support his asserted claims, or he has asserted claims that are not legally cognizable." Defs.' Mot. 6. For the reasons below, the Court dismisses Plaintiff's failure-to-accommodate claim against all Defendants with leave to amend, dismisses Plaintiff's failure-to-engage-in-the-interactive-process claim without leave to amend, and declines to dismiss Plaintiff's retaliation claims.

**I.      Failure to Accommodate**

Defendants argue that Plaintiff fails to state a prima facie failure-to-accommodate claim under the ADA. Defs.' Mot. 7–10. The Court agrees because Plaintiff does not sufficiently plead that he is a qualified individual under the ADA.

Title I of the ADA prohibits public and private employers from discriminating against qualified individuals "on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, employee compensation, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The term "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity . . . ." 42 U.S.C. § 12112(b)(5)(A).

To establish a prima facie disability discrimination case under Title I, a plaintiff must allege: "(1) he is a disabled person within the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his

5 – OPINION & ORDER

disability." *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001). For the reasons explained below, Plaintiff fails to state a prima facie Title I claim because Plaintiff does not sufficiently allege that he is a qualified individual under the ADA. The Court does find, however, that Plaintiff sufficiently alleges that he has a disability under the ADA and that Plaintiff suffered an adverse employment action because of his disability.

A.      Disability

Defendants argue that "Plaintiff fails to plead sufficient facts to establish that he is 'disabled' as that term is defined under the ADA and Oregon[2] disability law." Defs.' Mot. 8. The Court disagrees.

An individual has a disability under the ADA if the individual has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1); *see also Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (same). As is relevant here, "major life activities" include "performing manual tasks," "lifting," and "working." 42 U.S.C. § 12102(2)(A). The term "substantially limits" "shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 29 C.F.R. § 1630.2(j)(1)(i).[3]

---

[2] The Court notes that Plaintiff brings a failure-to-accommodate claim only under the ADA, not under Oregon law. *See* FAC ¶¶ 60–66. Even so, the standard for establishing a prima facie case of disability discrimination is the same under federal and Oregon law. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001); *see also* Or. Rev. Stat. ("ORS") § 659A.139(1) (providing that Oregon's disability statutes "shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal [ADA]").

[3] The term "substantially limits" must be "interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008." 42 U.S.C. § 12102(4)(B). There, Congress rejected the Supreme Court's prior interpretation of the term because, among other reasons, the Court "created an inappropriately high level of limitation necessary to obtain coverage under the ADA . . . ." Pub. L. No. 110–325 § 2(b)(5). Congress directed the Equal Employment

6 – OPINION & ORDER

The Court finds that Plaintiff sufficiently pleads this first prima facie element. First, Plaintiff's operative complaint pleads sufficient facts to establish that he has a physical impairment that qualifies as a disability under the ADA. Plaintiff notified Defendants that he "developed a shoulder injury affecting the use of his left arm" and that he could not lift passengers because of his injury. FAC ¶¶ 25–26. Plaintiff also alleges that his physician cleared him to return to work with restrictions effective October 18, 2025. FAC ¶ 31. While Plaintiff's complaint suggests that his injury may be temporary in nature, this alone does not defeat his discrimination claim. *See* 29 C.F.R. § 1630.2(j)(1)(ix)  ("The effects of an impairment lasting or expected to last fewer than six months can be substantially limiting . . . .").

Second, the activities which Plaintiff pleads he was unable to perform qualify as "major life activities" under the ADA. Plaintiff alleges that his shoulder injury prevented him from lifting with his left arm and from lifting passengers. FAC ¶¶ 27, 33. Because the ADA expressly lists "performing manual tasks," "lifting," and "working" as major life activities, 42 U.S.C. § 12102(2)(A), Plaintiff sufficiently pleads this element.

Third, Plaintiff adequately alleges that his impairment substantially limited his ability to perform the above life activities. Plaintiff alleges that his shoulder injury "primarily limited lifting with the left arm[,]" FAC ¶ 33, and that he could no longer lift passengers. FAC ¶ 27. While Defendants argue that Plaintiff "fails to allege material facts about how that condition substantially limits a major life activity[,]"

Defendants' cited caselaw is largely inapposite to the current record. For example, Defendants first cite *Smith v. Amazon.com Services.*, LLC, No. CV 26-00089 MWJS-WRP, 2026

---

Opportunity Commission to "revise that portion of its current regulations that defines the term 'substantially limits' as 'significantly restricted' to be consistent with this Act, including the amendments made by this Act." Pub. L. No. 110–325 § 2(b)(6).

WL 712443 (D. Haw. Mar. 13, 2026), for its proposition that a plaintiff must do more than "identif[y] [a] medical condition without describing with factual allegations how that condition limits major life activities . . . ." Defs.' Mot. 8. But in that case, the plaintiff only alleged that he had "ADHD and dyslexia" without "explaining how either condition substantially limits a major life activity." *Smith*, 2026 WL 712443, at *2. Here, by contrast, Plaintiff alleges both a condition (i.e., a shoulder injury) *and* how his condition limits a major life activity (i.e., inability to lift passengers). *See* FAC ¶¶ 3, 7. Indeed, caselaw tends to show that Plaintiff met his initial pleading burdens. In *Civil Rights Department v. Grimmway Enterprises, Inc.*, the district court found that "a reasonable trier of fact could conclude that [restrictions to not lift over twenty pounds and not climb on ladders] substantially limit the major life activities of working and lifting such that the employee is disabled pursuant to the ADA." 800 F. Supp. 3d 1084, 1109 (E.D. Cal. 2025). And in *Liu v. DeJoy*, the court found "a reasonable jury could conclude that [the plaintiff's] injuries substantially limit his major life activities" when, among other things, the plaintiff "experience[d] pain when he engages in the major life activity of lifting objects." 664 F. Supp. 3d 1030, 1043 (C.D. Cal. 2023). The Court also finds that Defendants' cited authority does not require more from Plaintiff at this stage of the litigation. *See Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1226 (9th Cir. 2022) ("While it perhaps would have been a wise legal strategy for [the plaintiff] to have supplied, in her amended complaint, the additional detail that the district court had requested, *Iqbal* did not require [the plaintiff] to include more granular details about the exact nature of her then-existing limitations . . . ."); *see also* 29 C.F.R. § 1630.2(j)(1)(i) ("'Substantially limits' is not meant to be a demanding standard."). Accordingly, the Court finds that Plaintiff sufficiently alleges that he has a disability under the ADA.

///

8 – OPINION & ORDER

B.    Qualified Individual

Defendants argue that Plaintiff does not sufficiently plead that he is a "'qualified individual' as that term is defined under the ADA and Oregon disability law, what the essential functions of his job as a wheelchair assistance employee are, or how his disability impacted his ability to perform his job with or without reasonable accommodation." Defs.' Mot. 9. The Court finds that Plaintiff fails to sufficiently allege that he is a qualified individual under the ADA.

The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); *see also Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (same). The "essential functions" of a job are "the fundamental job duties of the employment position . . . ." 29 C.F.R. § 1630.2(n)(1). The term "essential functions" does not, by contrast, include "the marginal functions of the position." *Id.* To be sure, "[a] totally disabled person who cannot 'perform the essential functions of the employment position' with or without reasonable accommodations thus cannot be a 'qualified individual' entitled to sue under Title I of the Act." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)). "An ADA plaintiff bears the burden of proving that she is a 'qualified individual with a disability . . . .'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (quoting 42 U.S.C. § 12111(8)).

Here, Plaintiff fails to allege that lifting passengers was not an essential function of the job. Rather, Plaintiff only alleges that "Defendants informed Plaintiff that lifting passengers was considered an essential function of the job[,]" FAC ¶ 40, and it is unclear whether Plaintiff disputes Defendants' position. In other words, while Plaintiff alleges that he "could perform the

9 – OPINION & ORDER

essential functions of his job with reasonable accommodation[,]"[4] FAC ¶ 37, his pleading heavily suggests that lifting passengers is a fundamental duty of his employment position. *Compare* FAC ¶ 23 (alleging that Plaintiff's "duties included . . . assisting with passenger transportation"), *with* FAC ¶ 27 ("Plaintiff remained capable of performing many job duties that did not require lifting passengers."), *and* FAC ¶ 38 ("Plaintiff was able to perform numerous job duties that did not involve lifting passengers.").

Plaintiff's pleading deficiency therefore is two-part. First, Plaintiff appears to suggest that lifting passengers *was* an essential function of his job. *See* FAC ¶ 40 (alleging without disputing its truth that "Defendants informed Plaintiff that lifting passengers was considered an essential function of the job"). Second, assuming lifting passengers was an essential function of his job, Plaintiff alleges many times that he was unable to lift passengers due to his shoulder injury. *See, e.g.*, FAC ¶¶ 33–34. But Plaintiff never alleges that he could perform this task with a reasonable accommodation. *See Lawrence v. Star Prot. Agency LLC*, No. 23-35234, 2024 WL 4707888, at *1 (9th Cir. Nov. 7, 2024) ("To be a mobile patrol officer, [the plaintiff] needed to be able to work mandatory overtime. [The plaintiff] knew this was an essential function of the position. However, [the plaintiff] could not perform this essential function even if [the defendant] provided him with a reasonable accommodation."). Indeed, the accommodation Plaintiff allegedly sought appears to be relief from performing an essential function of his job. *See* FAC ¶

---

[4] The Court agrees with Defendants that Plaintiff's allegation here is conclusory. Allegations that are conclusory are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The Court also finds that Plaintiff's allegation that he "was a qualified individual with a disability under the ADA" is also conclusory. FAC ¶ 36; *see also Wessels v. Moore Excavation, Inc.*, No. 03:14-CV-01329-HZ, 2014 WL 6750350, at *4 (D. Or. Dec. 1, 2014) ("Relevant cases suggest that dismissal is appropriate when the plaintiff alleges only that he or she is a 'qualified individual' or a 'qualified individual with a disability' and fails to allege that the plaintiff could perform the essential functions of the job with or without accommodation.").

10 – OPINION & ORDER

27. Accordingly, Plaintiff fails to sufficiently allege that he is a "qualified individual" under the ADA because Plaintiff does not sufficiently allege that he could perform the essential functions of his employment position with or without a reasonable accommodation. 42 U.S.C. § 12111(8).

C.     Adverse Employment Action Because of Disability

Defendants argue that "Plaintiff fails to allege facts demonstrating that he suffered an adverse employment action because of his disability." Defs.' Mot. 9. The Court disagrees.

"[A]n ADA discrimination plaintiff bringing a claim under 42 U.S.C. § 12112 must show that the adverse employment action would not have occurred *but for* the disability." *Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) (emphasis added). The Ninth Circuit "take[s] an expansive view of the type of actions that can be considered adverse employment actions" such that "a wide array of disadvantageous changes in the workplace constitute adverse employment actions." *Ray v. Henderson*, 217 F.3d 1234, 1240–41 (9th Cir. 2000). Where discrimination is alleged, an "adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment.'" *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); *see also Magee v. Trader Joe's Co.*, No. 3:18-CV-01956-AC, 2020 WL 9550008, at *10 (D. Or. Sept. 1, 2020) (applying *Davis* in an ADA discrimination claim), *report and recommendation adopted in part*, No. 3:18-CV-01956-AC, 2021 WL 1550336 (D. Or. Apr. 20, 2021). As is relevant here, unpaid leave may constitute an adverse employment action. *See Dawson v. Akal Sec. Inc.*, 660 F. App'x 504, 506 (9th Cir. 2016) ("The fact that unpaid leave may be a reasonable accommodation when it is requested 'does not mean that it cannot also be an adverse action, particularly where the employee is placed on unpaid leave involuntarily.'" (quoting *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1031 (W.D. Wash. 2015))); *Magee*, 2020 WL 9550008, at *11 ("Unpaid medical leave itself may be a

11 – OPINION & ORDER

reasonable accommodation under the ADA . . . . However, placing an employee on unpaid leave involuntarily may be considered an adverse action."); *Cox v. Nw. Reg'l Educ. Serv. Dist.*, No. 3:22-CV-01073-HZ, 2024 WL 777598, at *8 (D. Or. Feb. 23, 2024) ("[The plaintiffs'] placement on indefinite leave satisfies [the plaintiffs'] minimal burden at this stage.").

Here, Plaintiff alleges that "Defendants told Plaintiff that leave was the only option" and that "Defendants refused to allow Plaintiff to return to work" despite Plaintiff's "continued request[s for] accommodation and reinstatement." FAC ¶¶ 41, 44–45.[5] Plaintiff also sufficiently pleads that Defendants' conduct would discourage an employee from seeking accommodations. FAC ¶ 71–73; *see also Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 850 (9th Cir. 2004) (holding that an adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity" (quoting *Ray*, 217 F.3d at 1243)). Additionally, taking into consideration the temporal proximity of Plaintiff's provision of his updated medical clearance to Defendants on October 18, 2025, and Defendants informing Plaintiff that leave was the only option on or near October 22, 2025, Plaintiff establishes the necessary causal link between Plaintiff's disability and the adverse employment action. *See* FAC ¶¶ 31–32, 40–41; *see also Magee*, 2020 WL 9550008, at *11 ("[T]he close temporal proximity between providing [the defendant] with her updated physical accommodation request on July 3, 2017, and placing her on unpaid leave on July 26, 2017, establishes [a] causal link between her request and the adverse action."). Therefore, the Court finds that Plaintiff sufficiently pleads this element of his prima facie claim.

---

[5] Reviewing Plaintiff's allegations in the light most favorable to Plaintiff, and taking into consideration Plaintiff's *pro se* status, the Court construes Plaintiff's operative pleading as alleging that Defendants placed him on *unpaid* leave. *See* FAC ¶ 79 ("Plaintiff has suffered lost wages and employment benefits."); FAC at 6 (Prayer for Relief) ("Plaintiff requests the Court grant . . . [b]ack pay [and] [f]ront pay . . . .").

12 – OPINION & ORDER

* * *

In sum, the Court finds that Plaintiff fails to plead that he is a qualified individual under the ADA but otherwise states a prima facie disability discrimination claim. The Court finds that amendment would not be futile and therefore grants Plaintiff leave to file a second amended complaint to address the pleading deficiencies described above.

## II.    Failure to Engage in the Interactive Process

Plaintiff also brings a separate claim titled "Failure to Engage in the Interactive Process" in which Plaintiff alleges that "Defendants failed to engage in meaningful dialogue regarding accommodation." FAC ¶ 70. But the failure to engage in the interactive process is not an independent cause of action under the ADA. *See Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) ("[T]here exists no stand-alone claim [under the ADA] for failing to engage in the interactive process."); *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1194 (9th Cir. 2021) (same); *Randle v. Tri–Cnty. Metro. Transp. Dist. of Or.*, 171 F. Supp. 3d 1084, 1089 (D. Or. 2016) ("Engaging in the interactive process is not an independent cause of action under the ADA, rather it is part of an employer's duty to accommodate."). Accordingly, the Court dismisses Plaintiff's failure-to-engage claim without leave to amend.

## III.    Retaliation

Defendants move to dismiss Plaintiff's retaliation claims under federal and Oregon law because "Plaintiff offers no factual allegations to plead causation or retaliatory animus." Defs.' Mot. 10; *see also id.* at 6–7 (same argument as to Plaintiff's state claims). The Court disagrees.[6]

---

[6] The Court considers Plaintiff's federal and Oregon retaliation claims together because the standard is the same. *Lindsey v. Clatskanie People's Util. Dist.*, 140 F. Supp. 3d 1077, 1091 (D. Or. 2015). The Court adds that Plaintiff lists two separate retaliation causes of action under Oregon law: one under "ORS 659A[,]" FAC ¶¶ 71–74, and another under ORS 659A.199, FAC ¶¶ 75–78. The Court treats Plaintiff's two Oregon retaliation claims as the same claim.

13 – OPINION & ORDER

"No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a).[7] The ADA provides further that it is "unlawful to coerce, intimidate, threaten, or interfere with any individual . . . on account of his or her having exercised . . . any right granted or protected by [the ADA]." 42 U.S.C. § 12203(b). "To establish a prima facie case of retaliation under the ADA, an employee must show that: (1) he or she engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi*, 389 F.3d at 849. The standard for the "causal link" is but-for causation. *Univ. of Tex. Sw. Medical Center v. Nassar*, 570 U.S. 338, 351 (2013); *T.B. ex rel. Brenneise v. San Diego Unified School Dist.*, 806 F.3d 451, 473–74 (9th Cir. 2015) (same).

First, Plaintiff sufficiently alleges that he engaged in a protected activity. Plaintiff alleges as protected activity the following of his actions: (1) requesting accommodations; (2) contacting his union; and (3) filing complaints with regulatory agencies such as Oregon's Bureau of Labor and Industries and the federal Equal Employment Opportunity Commission. FAC ¶ 54. Such activities constitute protected activity under the ADA. *See, e.g.*, *Pardi*, 389 F.3d at 850 ("Pursuing one's rights under the ADA constitutes a protected activity . . . . It is undisputed that [the plaintiff] lodged numerous union grievances and EEOC charges regarding [the defendant's] failure to accommodate his disability."); *Arnold v. Pfizer*, 970 F. Supp. 2d 1106, 1141 (D. Or. 2013) ("A request for reasonable accommodation of a disability qualifies as protected activity under the ADA.").

---

[7] Plaintiff does not indicate the precise statute under which he brings his federal retaliation claim. The Court construes Plaintiff's claim as brought under 42 U.S.C. § 12203.

14 – OPINION & ORDER

Second, as stated above, the Court finds that Plaintiff sufficiently alleges that he suffered an adverse employment action. *See* Discussion, *supra* § I.C; *see also Pardi*, 389 F.3d at 850 (holding that an adverse employment action is any action "reasonably likely to deter employees from engaging in protected activity" (quoting *Ray*, 217 F.3d at 1243)). For similar reasons as discussed above, Plaintiff also alleges a but-for causation relationship between Plaintiff's adverse employment action and Plaintiff's engagement in a protected activity. *See* Discussion, *supra* § I.C. As mentioned above, Plaintiff provided his updated medical clearance to Defendants on October 18, 2025, as part of his request for accommodations and communicated that he would be able to "return to work with restrictions effective October 18, 2025[,]" and Defendants then told Plaintiff that leave was the only option on or near October 22, 2025. FAC ¶¶ 31–32, 40–41.

Defendants argue twice in their Motion that Plaintiff's retaliation claims fail because he fails to allege retaliatory "animus" based on his disability. Defs.' Mot. 9, 10. But Defendants do not support their argument with any authority that such a showing is required.

Plaintiff therefore establishes the necessary causal link between Plaintiff's exercise of protected activity and the Defendants' allegedly adverse employment action. Accordingly, the Court denies Plaintiff's motion to dismiss Plaintiff's retaliation claims.

///

///

///

///

///

///

///

15 – OPINION & ORDER

## CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [9]. Plaintiff may file a second amended complaint within thirty days that cures the deficiencies identified in this Opinion & Order.

IT IS SO ORDERED.

DATED this 22nd day of July, 2026.

AMY M. BAGGIO
United States District Judge

16 – OPINION & ORDER